

# Fourth Court of Appeals
## San Antonio, Texas

December 18, 2015

No. 04-15-00471-CR

Donte Lewayne **WILSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4061
Honorable Melisa Skinner, Judge Presiding

# O R D E R

Appellant's brief was due on October 22, 2015. On November 2, 2015, the clerk of this court notified appellant's attorney, Pat Montgomery, that appellant's brief was late and asked appellant's attorney to respond to this court in writing within 10 days. *See* Tex. R. App. P. 38.8(b)(2).  The Clerk's letter required Mr. Montgomery to provide a reasonable explanation for failing to timely file the brief. The letter also required that any response "should also demonstrate that you are taking affirmative steps to remedy the deficiencies."  Further, the letter informed Mr. Montgomery that if he intended for his response "to act as a motion for extension of time, it must comply with Texas Rule of Appellate Procedure 10.5 and the Fourth Court of Appeal's local rules."

Mr. Montgomery did not respond, and appellant's brief was still not filed.  On November 23, 2015, this Court ordered Mr. Montgomery to file appellant's brief on or before December 7, 2015.  Mr. Montgomery was cautioned that if he did not file appellant's brief by that date, the Court would abate this appeal to the trial court for an abandonment hearing. Tex. R. App. P. 38.8(b)(2).  Contempt proceedings may also be initiated against Mr. Montgomery. *Id*. 38.8(b)(4).

Pursuant to rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order Mr. Montgomery to be present at the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than 30 days from the date of this order, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions. All appellate filing dates are ABATED pending further orders from this court.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of December, 2015.

_____
Keith E. Hottle
Clerk of Court